ERNEST C. ADAMS *et al vs.* JOHN M. GLEN *et al.*

DECEMBER 23, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

PER CURIAM. This is a petition by Ernest C. Adams and others of the town of North Providence for a writ of certiorari directed to the respondents, members of the town council of said town, and Louis A. Sweet, the town clerk.

Petitioners allege that they are residents and qualified electors of said town; that at the town election held on November 8, 1932 some of them were candidates for election to the town council and others for election to the school committee; that the town council, acting as a board of canvassers, in counting the ballots cast in this election, refused against the protest of petitioners to count a certain number of ballots which were legally cast in favor of the petitioners and erroneously counted a certain number of "defective" ballots in favor of the opposing candidates for the aforenamed offices; that said town council erroneously declared certain Republican candidates for said offices elected by the pluralities set forth in the petition and ordered certificates of their election to issue and that if said council had legally counted said rejected ballots and had rejected said "defective" ballots erroneously counted, petitioners would have been elected to office.

The writ issued, citations were served and all the ballots and the records relating to the election have been certified to this court.

At the time of the recount of the ballots by the town council, at the request of the petitioners, certain ballots were marked as exhibits and were presented to this court for its consideration. Petitioners claim that of these exhibits, 26 ballots were erroneously counted and 24 ballots were erroneously rejected by the town council. Before the final hearing in this court, counsel for both parties were permitted to inspect all the ballots cast at the election. They selected a number of ballots and presented them to the court for its inspection as examples of the standard adopted by the town council in the acceptance and rejection of all ballots, and, in some instances, as evidence of incorrect decisions on the validity of the ballots.

We have examined the ballots which are questioned and the sample ballots above mentioned. The town council appears to have acted in good faith and with the intention of making the will of the voters, as expressed by their ballots, effective. Authorized representatives of both political parties were present at the counting of the ballots and were permitted to scrutinize all ballots. No objection was taken by counsel for either political party to the fairness or the correctness of the counting, except to certain ballots which were marked for identification and which are the exhibits above referred to.

The petitioners now claim that, as the counting of the ballots was coming to an end and as the result of the election appeared to be doubtful, the council in some instances became more exacting in the application of their established standard for accepting and rejecting votes, and that petitioners as a consequence suffered more than their opponents. If such is the fact, petitioners still had the right to object to any ruling on any ballot.

The fundamental rule in the determination of the validity of a ballot is that, unless the marking of the ballot is illegal, the choice of the voter is to be given effect. From the argument of counsel and an examination of the ballots, it seems to be plain that the council disregarded minor and apparently accidental pencil marks on the ballots and unintentional minor defects. For example, when one line of the cross in the circle was continued slightly beyond the circle, ballots of this kind, with the approval of the scrutineers, were counted as good for both parties. Having had the benefit of ballots which had no intentional marks thereon, petitioners should not in fairness complain if the ruling of the counting board, which was acceptable at the time, was applied alike to both parties.

There is no claim of fraud in the counting. It is only claimed that the decisions of the council in certain instances were not consistent. In the consideration of the ballots in question we have been guided only by the requirements of

the statute and by our decisions heretofore made. With the exception of the election of the seventh councilman, in which the Republican candidate was John W. Denison and the Democratic was Ernest C. Adams, we find no error in the counting of the ballots which in any way affected the results of the election as declared by the town council.

John W. Denison was declared to be elected by a plurality of one vote. This particular decision was erroneous. We find that said Denison is entitled to two votes in addition to the 2230 votes allowed by the council and had five defective ballots counted in his favor. His total vote is found to be 2227.

We find said Adams is entitled to 13 votes in addition to the 2229 counted by the council. His total vote is found to be 2242. As thus appears he has been elected to the council by a plurality of 15 votes over his opponent Denison.

So much of the record as declares John W. Denison elected to the town council by a plurality of one vote over his opponent Ernest C. Adams is quashed.

The town clerk is ordered to correct the record of this particular election in accordance with this opinion.

*Peter Leo Cannon, Cooney & Kiernan, Mortimer G. Cummings*, for petitioner.

*William A. Needham, J. Addis O'Reilly*, for respondents.